IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| State of Oklahoma, ex rel. Scott Pruitt, in his official capacity as Attorney General of Oklahoma,<br><br>      Plaintiff,<br><br>v.<br><br>(1) Kathleen Sebelius, in her official capacity as Secretary of the United States Department of Health and Human Services, and<br><br>(2) Timothy Geithner, in his official capacity as Secretary of the United States Department of the Treasury,<br><br>      Defendants. | Case No. CIV-11-030-RAW |

## ORDER

Plaintiff filed the original Complaint in this action on January 21, 2011. On November 23, 2011, after agreement by the parties, the court stayed this action pending a ruling on the merits by the United States Supreme Court in cases involving similar issues. On June 28, 2012, the Supreme Court ruled in <u>National Fed'n of Indep. Business v. Sebelius</u>, 132 S. Ct. 2566 (2012). On September 19, 2012, Plaintiff filed the Amended Complaint. On December 3, 2012, Defendants filed a motion to dismiss the Amended Complaint for lack of jurisdiction.

Now before the court is the motion to intervene pursuant to Fed. R. Civ. P. 24(b) filed on December 6, 2012 by GC Restaurants SA, LLC, Old England's Lion & Rose, LTD, Old England's Lion & Rose at Castle Hills, LTD, Old England's Lion & Rose at Sonterra, LTD, Old England's Lion & Rose Forum, LLC, and Old England's Lion & Rose at Westlake, LLC

(hereinafter "Movants") [Docket No. 44]. Each of the Movants is a Texas company or partnership.

Rule 24(b) provides for permissive intervention. The rule states in pertinent part: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The rule further provides that in "exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "The grant of permissive intervention lies within the discretion of the district court." Kane County, Utah v. United States, 597 F.3d 1129, 1135 (10th Cir. 2010).

The Movants argue that they have claims that share with the main action a common question of law or fact. They further argue that the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Plaintiff supports the motion to intervene. Defendants are opposed to the motion.

As to the issue of timeliness, the Movants argue that Defendants have waived any untimeliness argument. The court, however, finds persuasive the Defendants' argument regarding waiver. This action was filed on January 21, 2011. The Movants filed their motion to intervene on December 6, 2012. Notwithstanding the unusual procedural posture of this case, this motion is not timely. The Movants seek to intervene nearly two years after this action was filed.

Moreover, Defendants are opposed to the intervention. Now more than two years since this action was filed against Defendants, Defendants have a right to have this action resolved.

The Movants argue that an Answer has not yet been filed, but ignore the fact that a motion to dismiss has been filed and has now been fully briefed. An intervention at this time would necessitate the court's allowance of ample additional briefing time. This would unduly delay and prejudice the adjudication of the original parties' rights.

Additionally, there is the issue of venue. Each Movant is a Texas company or partnership with no ties whatsoever to the State of Oklahoma. The Movants argue with no authority that "the venue question need not be decided now and never be an issue." They note that under Fed. R. Civ. P. 12(b)(1), improper venue may be waived. Defendants have not waived improper venue, and in fact argue that the motion to intervene should be denied based on improper venue.

The Movants argue that under the applicable venue rule in actions against federal agencies, 28 U.S.C. § 1391(e) venue is proper if any plaintiff resides in the forum.[*] Defendants point out, however, that even if the Movants are correct, section 1391(e) goes on to provide: "Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and *with such other venue requirements* as would be applicable if the United States or one of its officers, employees, or agencies were not a party." 28 U.S.C. § 1391(e)(1) (emphasis added).

The Movants are Texas residents. The events giving rise to their claims occurred, are occurring and will occur in Texas, not in the Eastern District of Oklahoma. Additionally, as Defendants argue, the Movants' employees are likely necessary parties to the Movants' claims,

---

[*]Section 1391(e) provides that actions against officers or employees of the United States may be brought in any district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(A)-(C).

3

and as those employees are Texas residents, this court has no personal jurisdiction over them. Furthermore, Movants will not be prejudiced by filing a separate action in Texas.

In its discretion, based on these and other considerations of equity and judicial economy, the court hereby DENIES the motion to intervene [Docket No. 44].

IT IS SO ORDERED this 4th day of March, 2013.


**Dated this 4th day of March, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma