## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STATE OF OKLAHOMA, ex rel. Scott Pruitt, in his official capacity as Attorney General of Oklahoma,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 6:11-cv-00030-RAW** |
| **KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States Department of Health and Human Services; and JACOB J. LEW, in his official capacity as Secretary of the United States Department of the Treasury,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## ANSWER TO THE AMENDED COMPLAINT

The defendants, Kathleen Sebelius, in her official capacity as Secretary of Health and Human Services, and Jacob J. Lew, in his official capacity as Secretary of the Treasury, by the undersigned counsel, respectfully submit this answer to the amended complaint.

1.     This paragraph contains only a characterization of the original complaint in this action, which speaks for itself, and to which no response is required.

2.     This paragraph contains only a characterization of the original complaint in this action, which speaks for itself, and to which no response is required.

3.     This paragraph contains only characterizations of the original complaint in this action and of an order of this Court, which speak for themselves, and to which no response is required.

4.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

5.      This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

6.      This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

7.      This paragraph contains only a characterization of the relief that the plaintiff seeks in the amended complaint, and not averments of fact to which a response would be required.

8.      The first sentence contains only a characterization of the relief that the plaintiff seeks in the amended complaint, and not averments of fact to which a response would be required.  The second sentence contains only conclusions of law, and not averments of fact to which a response would be required.

9.      This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

10.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

11.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

12.     With respect to the first sentence, the defendants lack knowledge and information, and thus can neither admit nor deny, the allegation as to the subjective expectation of the plaintiff; with respect to the remainder of this sentence, deny, except to admit that the State of Oklahoma has not advised the defendants that it will operate the Exchange for residents of Oklahoma, and that the federal government will operate such Exchange for 2014.  The second and third sentences contain only conclusions of law, and not averments of fact to which a response would be required.  The fourth sentence contains only a characterization of the relief

that the plaintiff seeks in the amended complaint, and not averments of fact to which a response would be required.

13.     Admit that the State of Oklahoma is a state in the United States of America; the remainder of this paragraph contains only conclusions of law, and not averments of fact to which a response is required.

14.     With respect to the first sentence, admit that this action has been filed by Scott Pruitt in his capacity as Attorney General of Oklahoma; the remainder of this sentence contains only conclusions of law, and not averments of fact to which a response would be required.  With respect to the remainder of this paragraph, deny that the plaintiff is likely to be subject to the tax imposed on certain large employers that fail to provide adequate health insurance coverage to their full-time employees, 26 U.S.C. § 4980H; deny that any action of the defendants at issue in this lawsuit harms the "competitive environment for new businesses" in the State of Oklahoma; and deny that the plaintiff is likely to be harmed in any other way by the regulation at issue in this lawsuit.  The remainder of this paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

15.     Deny, and separately aver that Jacob J. Lew, in his official capacity as Secretary of the Treasury, is responsible for administering and enforcing Internal Revenue Service rules and regulations.

16.     Admit that Kathleen Sebelius, in her official capacity as Secretary of Health and Human Services, is responsible for administering certain provisions of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).

17.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

18.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

19.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

20.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

21.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

22.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

23.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

24.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

25.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

26.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

27.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

28.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

29.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

30.     Admit that, on May 23, 2012, a final rule issued by the Department of the Treasury and the Internal Revenue Service was published in the Federal Register.  77 Fed. Reg. 30,377 (May 23, 2012).  The remainder of this paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

31.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

32.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

33.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

34.     The first sentence contains only conclusions of law, and not averments of fact to which a response would be required.  With respect to the second sentence, the defendants lack knowledge and information, and thus can neither admit nor deny, the allegation as to the subjective belief of the plaintiff; to the extent a response is deemed to be required, deny.

35.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

36.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

37.     Deny.

## **Count I**

38.     By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

39.     By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

40.     By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

41.     By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

42.     By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

43.     By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

44.     By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

## **Count II**

45.     The defendants hereby incorporate their responses to paragraphs 1 through 44 of the amended complaint as if set forth in full.

46.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

47.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

48.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

49.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

50.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

51.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

52.     The defendants lack knowledge and information, and thus can neither admit nor deny the allegation as to the subjective belief of the plaintiff.  The remainder of this paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

53.     Deny.

54.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

55.     The first and second sentences contain only conclusions of law, and not averments of fact to which a response would be required.  With respect to the third sentence, deny that the defendants would suffer no damage if an injunction were to be issued; the remainder of this sentence contains only conclusions of law, and not averments of fact to which a response would be required.

## Count III

56.     The defendants hereby incorporate their responses to paragraphs 1 through 55 of the amended complaint.

57.    This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

58.    This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

59.    This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

60.    With respect to the first sentence, admit that, during the process of notice-and-comment rulemaking that led to the issuance of the final rule described in paragraph 30 above, 77 Fed. Reg. 30,377 (May 23, 2012), the defendants received comments that addressed the application of premium tax credits for participants in federally-facilitated exchanges.   The second sentence contains only a characterization of a comment submitted during that process of notice-and-comment rulemaking, which speaks for itself, and to which no further response is required.

61.    This paragraph contains only a characterization of a comment submitted during that process of notice-and-comment rulemaking described above, which speaks for itself, and to which no further response is required.

62.    This paragraph contains only a characterization of the final rule, 77 Fed. Reg. 30,377 (May 23, 2012), which speaks for itself, and to which no response is required.

63.    Deny.

64.    Deny.

65.    This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

66.     This paragraph contains only a characterization of the final rule, 77 Fed. Reg. 30,377 (May 23, 2012), which speaks for itself, and to which no response is required.

67.     This paragraph contains only a characterization of the final rule, 77 Fed. Reg. 30,377 (May 23, 2012), which speaks for itself, and to which no response is required.

68.     This paragraph contains only a characterization of a notice of proposed rulemaking, which speaks for itself, and to which no response is required.

69.     This paragraph contains only a characterization of the final rule, 77 Fed. Reg. 30,377 (May 23, 2012), which speaks for itself, and to which no response is required.

70.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

71.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

72.     This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

73.     The first sentence contains only conclusions of law, and not averments of fact to which a response would be required.  With respect to the second sentence, deny that the defendants would suffer no damage if an injunction were to be issued; the remainder of this sentence contains only conclusions of law, and not averments of fact to which a response would be required.

## Count IV

74.    By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

75.    By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

76.    By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

77.    By order of August 12, 2013, this Court has dismissed this Count, and thus no further response is required.

## Count V

78.    The defendants hereby incorporate their responses to paragraphs 1 through 77 of the amended complaint as if set forth in full.

79.    This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

80.    This paragraph contains only a characterization of the relief that the plaintiff seeks in the amended complaint, and not averments of fact to which a response would be required.

81.    This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

## First Defense

This Court lacks subject-matter jurisdiction because the plaintiff lacks standing under Article III of the United States Constitution.

### Second Defense

This Court lacks subject-matter jurisdiction because the plaintiff lacks prudential standing.

### Third Defense

This Court lacks subject-matter jurisdiction because the plaintiff's claims are not ripe.

### Fourth Defense

The plaintiff lacks a cause of action under the Administrative Procedure Act, because the plaintiff must proceed instead under the separate form of proceeding that Congress has specified.

### Fifth Defense

This Court lacks subject-matter jurisdiction pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a).

### Sixth Defense

The complaint fails to state a claim upon which relief can be granted.

The defendants specifically deny all allegations in the complaint not otherwise answered herein.  In addition, the defendants deny that the plaintiff is entitled to the relief requested in the prayer for relief, or to any relief whatsoever.

WHEREFORE, the defendants request that the plaintiff's prayer for relief be denied, that this action be dismissed, and that the defendants be awarded their costs and such other relief as may be appropriate.

DATED this 25th day of September, 2013.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

MARK F. GREEN
United States Attorney

SUSAN S. BRANDON
Assistant United States Attorney

s/ Joel McElvain
JENNIFER D. RICKETTS
Director
SHEILA M. LIEBER
Deputy Director
JOEL McELVAIN (D.C. Bar #448431)
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone:  (202) 514-2988
Fax:      (202) 616-8202
Email:  Joel.McElvain@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

E. Scott Pruitt
Cornelius Neal Leader
Sandra D. Rinehart
Patrick R. Wyrick
Office of the Attorney General
313 NE 21st St.
Oklahoma City, Oklahoma 73105


s/ Joel McElvain
JOEL McELVAIN